**Eduardo MENCHU; Zita Izvette Menchu, Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–74761.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 24, 2008.*

Filed Nov. 26, 2008.

R.App. P. 34(a)(2).

Manuel F. Rios, III, Esq., Lesley Irizarry–Hougan, Esq., Rios Cantor, PS, Rosaura D. Rodriguez, Esq., Seattle, WA, for Petitioners.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Helen J. Brunner, Esq., Office of the U.S. Attorney, Seattle, WA, for Respondent.

Before: ALARCÓN, LEAVY, and TALLMAN, Circuit Judges.

### MEMORANDUM **

Eduardo Menchu, a native and citizen of Guatemala, and his wife, a native and citizen of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's decision denying his application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for substantial evidence, *Hakeem v. INS,* 273 F.3d 812, 816 (9th Cir.2001), we deny the petition.

Menchu does not contest the agency's conclusion that his asylum application was time-barred.

Substantial evidence supports the BIA's conclusion that Menchu failed to demonstrate eligibility for withholding of removal. *See Baballah v. Ashcroft,* 367 F.3d 1067, 1079 (9th Cir.2004). The record does not compel the conclusion that the incidents involving his brothers or his own 1993 attack were on account of a protected ground. *See Sangha v. INS,* 103 F.3d 1482, 1486–87 (9th Cir.1997).

The continued safety of Menchu's family members in Guatemala and the lack of threats or harm to any of them, or to petitioner, since 1996 further supports the BIA's conclusion. *See Hakeem,* 273 F.3d at 816; *see also Santos–Lemus v. Mukasey,* 542 F.3d 738, 743 (9th Cir.2008) ("Where the claimed group membership is the family, a family member's continuing safety is an even more persuasive factor in considering a petitioner's well-founded fear.").

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.